**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CAESARS ENTERTAINMENT OPERATING ) | Case No. 15-01145 (ABG) |
| COMPANY, INC., et al.,[1] ) | |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

**NOTICE OF MOTION PURSUANT TO BANKRUPTCY
RULE 9023 OF STATUTORY UNSECURED CLAIMHOLDERS'
COMMITTEE TO RECONSIDER ORDER DENYING MOTION TO
COMPEL DEBTOR TO CONSENT TO INVOLUNTARY CHAPTER 11 PETITION**

**PLEASE TAKE NOTICE** that on May 8, 2015, the statutory unsecured claimholders' committee (the "UCC") of Caesars Entertainment Operating Company, Inc., *et al.* (the "Debtors") filed the *Motion Pursuant to Bankruptcy Rule 9023 of Statutory Unsecured Claimholders' Committee to Reconsider Order Denying Motion to Compel Debtor to Consent to Involuntary Chapter 11 Petition* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that the UCC has requested a hearing on the Motion on May 27, 2015, at 1:30 p.m. (CT) before the Honorable A. Benjamin Goldgar or any other judge who may be sitting in his place and stead, in Courtroom 2525 in the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, at which time you may appear if you deem fit. **The deadline to object to the Motion is May 20, 2015, at 4:00 p.m. (CT).**

**PLEASE TAKE FURTHER NOTICE** that the hearing date and time once determined as well as copies of all documents are available free of charge by visiting the case website maintained by Prime Clerk, LLC, the notice and claims agent for the Debtors in these chapter 11 cases, available at https://cases.primeclerk.com/CEOC, or by calling (855) 842-4123. You may also obtain copies of any pleadings by visiting the Court's website at www.ilnb.uscourts.gov in accordance with the procedures and fees set forth therein.

---

[1] The last four digits of Caesars Entertainment Operating Company, Inc.'s tax identification number are 1623. Due to the large number of Debtors in these jointly-administered chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is available at https://cases.primeclerk.com/CEOC.

Dated: May 8, 2015  
Chicago, Illinois

Respectfully submitted,

 /s/ *Paul V. Possinger*

**PROSKAUER ROSE LLP**
Martin J. Bienenstock (*admitted pro hac vice*)
Judy G.Z. Liu (*admitted pro hac vice*)
Philip M. Abelson (*admitted pro hac vice*)
Vincent Indelicato (*admitted pro hac vice*)
Eleven Times Square
New York, New York 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

-and-

**PROSKAUER ROSE LLP**
Mark K. Thomas (IL #6181453)
Jeff J. Marwil (IL #6194054)
Paul V. Possinger (IL #6216704)
Brandon W. Levitan (IL #6303819)
Three First National Plaza
70 West Madison, Suite 3800
Chicago, Illinois  60602
Telephone:  (312) 962-3550
Facsimile:  (312) 962-3551

*Attorneys for the Statutory Unsecured Claimholders' Committee of Caesars Entertainment Operating Company, Inc., et al.*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CAESARS ENTERTAINMENT OPERATING COMPANY, INC., et al.,[1] | Case No. 15-01145 (ABG) |
| Debtors. | (Jointly Administered) |

**MOTION PURSUANT TO BANKRUPTCY RULE
9023 OF STATUTORY UNSECURED CLAIMHOLDERS'
COMMITTEE TO RECONSIDER ORDER DENYING MOTION TO
COMPEL DEBTOR TO CONSENT TO INVOLUNTARY CHAPTER 11 PETITION**

To the Honorable A. Benjamin Goldgar, United States Bankruptcy Judge:

The statutory unsecured claimholders' committee (the "UCC") of Caesars Entertainment Operating Company, Inc., *et al.* (the "Debtors") respectfully submits this motion (the "Motion"), pursuant to Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to reconsider the Court's order [ECF No. 1351] (the "Order" or the "Ruling")[2] denying UCC's motion to compel Caesars Entertainment Operating Company, Inc. ("CEOC") to consent to the involuntary chapter 11 petition (the "Involuntary Petition"), dated April 7, 2015 [ECF No. 1091] (the "Motion to Compel"), based on evidence in the record clearly establishing a manifest error of law or fact, and in support thereof avers as follows:

---

[1] The last four digits of Caesars Entertainment Operating Company, Inc.'s tax identification number are 1623. Due to the large number of Debtors in these jointly-administered chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is available at https://cases.primeclerk.com/CEOC.

[2] The Court read the Ruling on the record at the April 9, 2015 hearing. The transcript pages containing the Ruling are attached hereto as Exhibit B.

**Jurisdiction and Venue**

1.   This court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue before this court is proper under 28 U.S.C. §§ 1408 and 1409.

**Basis for Relief Requested**

2.   <u>Standard for Reconsideration under Bankruptcy Rule 9023</u>.  The UCC has carefully considered the entirety of the Ruling, and respectfully submits this Motion because it believes it satisfies the requirement for reconsideration, namely the demonstration that the Ruling is based on manifest error of law or fact, *see Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013); *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996), and the issues and their timely resolution may greatly affect distributions to the UCC's constituency.

3.   <u>Two Manifest Errors of Law or Fact</u>. If CEOC, as involuntary debtor, had not subsequently filed its voluntary petition, the Ruling denying the UCC's motion to apply section 363 to CEOC would be correct because section 303(f) exempts involuntary debtors from complying with section 363. Thus, if the Court was concerned its Ruling would apply to all involuntary debtors, section 303(f) eliminates that worry. The first manifest error of law or fact is the Ruling's exemption of CEOC, as voluntary debtor, from complying with section 363. There is no statutory exemption for voluntary debtors. CEOC voluntarily subjected itself to section 363, which applies to all its property, including its powers to defend against or to consent to the Involuntary Petition. The second manifest error is the Ruling's failure to account for the fact that after an involuntary debtor files a voluntary petition, both remedies for an improper involuntary petition change. Staying out of bankruptcy is no longer available, and money damages for a wrongful petition, if any, are payable to the estate and not to the debtor. Thus, the only variable is the impact on the estate. As shown below, this causes the Ruling to produce the

2

opposite results it was designed to produce, because the Ruling was designed to protect the debtor that can no longer be the recipient of any remedy.

    4.  <u>Interplay of Section 303 with Sections 363, 554, and 558</u>.  The Court reasoned that were the UCC correct in its view, section 303 would be written out of the Bankruptcy Code because a right to consent to an involuntary petition would have to be exercised regardless of the merits of the petition or the malice with which it was brought.[3]  But, section 303(f) expressly exempts an alleged debtor from complying with section 363:

> ***Notwithstanding section 363 of this title***, except to the extent that the court orders otherwise, and until an order for relief in the case, any business of the debtor may continue to operate, and ***the debtor may continue to use, acquire, or dispose of property as if an involuntary case concerning the debtor had not been commenced***.

11 U.S.C. § 303(f) (emphasis added).  A subsequent voluntary petition, however, invokes sections 363 and 554, which by their terms, apply to all property of the estate, and section 558 applies to defenses to all claims against the estate.

    5.  <u>Demonstration of Manifest Error</u>.  The Ruling that CEOC's use of its power to consent to the Involuntary Petition is not subject to sections 363 and 554, means that if the section 303(i) damages for an invalid and malicious involuntary petition are zero or even $50 million,[4] while sustaining the petition creates a $448 million preference action, the estate is stuck with zero or $50 million and forfeits the preference action.  And that is the result even if the debtor's motivation to forfeit the preference action is to carry out an unassumed agreement with the preference transferees to release all the debtor's insiders and affiliates.  That result serves no

---

[3] Apr. 29, 2015 Hr'g Tr. 25:9–19.

[4] Like the UCC, on March 25, 2015, the Court appeared skeptical of CEOC's damage action: "If CEOC wins, then I will deny the motion to consolidate, I'll dismiss the involuntary petition, and then if CEOC **really** wants to go that route, I'll set a hearing on damages and fees, and so on."  Mar. 25, 2015 Hr'g Tr. 124:14–18 (emphasis added).

valid purpose, vindicates no rights that concerned the Court, and violates the Bankruptcy Code provisions triggered by the voluntary petition. We respectfully submit this example shows there is neither any legal nor equitable basis justifying that outcome.

6. Section 303(h) itself allows a debtor to choose *not* to challenge an involuntary petition and nevertheless *requires* the Court to sustain it without proof that either of the tests in sections 303(h)(1) or (2) are satisfied. The issue before the Court is whether a voluntary debtor is granted an exemption from the operation of sections 363, 554, and 558 in choosing to challenge the earlier involuntary petition. No statute or opinion the UCC has found has heretofore identified an exemption.

7. We agree the preference action does not arise unless the Involuntary Petition is sustained. But, given CEOC's power to create the preference action by consenting to the Involuntary Petition, section 363 requires a business justification for not consenting. Section 303 is not being written out of the law any more than section 303 would otherwise write section 363 out of the law. The tests in section 303(h)(1)–(2) are simply not invoked if the estate is better off not invoking them, as section 303(h) allows. CEOC voluntarily relinquished its section 303(f) exemption from section 363. No one forced it to file.

8. <u>Authority Previously Cited by Court and UCC</u>. The issues here are precisely the issues addressed in *In re Premier General Holdings, Ltd.*, 427 B.R. 592 (Bankr. W.D. Tex. 2010), which the Court itself recognized as "the best exposition I've seen so far."[5] The Motion to Compel references the UCC's earlier pleading objecting to CEOC's suspension motion (which was denied) in which the UCC relied on *Premier*.

---

[5] Feb. 5, 2015 Hr'g Tr. 18:18–21.

9. In *Premier*, an involuntary chapter 7 petition was followed by a voluntary chapter 11 petition and, like here, the debtor wanted the involuntary petition dismissed and the creditors wanted it sustained. *Premier* expressly adopted the position that the earlier involuntary filing date should govern "thereby maximizing the look-back period for purposes of chapter 5 avoidance actions, and minimizing the possibility of wrongful transactions between the filing of the two cases," *Premier,* 427 B.R. at 600, subject to the right of the debtor "to seek the dismissal of the involuntary petition for cause, with the burden of proof placed on the debtor." *Id.* at 602. On February 5, immediately after quoting the "cause" test in *Premier*, this Court announced: "So we need to know if the debtor believes there is cause to dismiss the involuntary petition and what that cause is."[6]

10. The UCC's position only differs from *Premier* in two respects. It replaces the open-ended "cause" with the concrete showings required by applicable Bankruptcy Code sections, and it does not assert that (if the debtor is allowed to defend against the involuntary petition) the voluntary petition should be conclusive evidence that the involuntary petition was valid.

11. Procedure. At the April 29 hearing, the Court made clear it believed the UCC should have raised an objection on April 8 when the Involuntary Petition was set for trial, and/or should not have brought the Motion to Compel in the first place. It was not the UCC's intent to proceed contrary to the Court's procedural preferences. The UCC proceeded as it did because it believed it was consistent with the separate dockets for the voluntary and involuntary cases.

---

[6] Feb. 5, 2015 Hr'g Tr. 19:3–6. The UCC recognizes that when it read the transcript it may have misunderstood the Court or the Court may have since changed its mind, but it certainly appeared this Court was at least tentatively following *Premier* which, in substance, is the UCC's position.

5

12. At the March 25, 2015 hearing, the Court announced: "There are two discrete issues in adjudicating an involuntary petition: Whether the petitioning creditors are eligible to file the petition, and whether the debtor in question is paying its debts as they came due. That's all."[7] Therefore, because the involuntary trial would only involve issues arising under section 303 to which the UCC had nothing to contribute, the UCC filed the Motion to Compel to raise the section 363, 554, and 558 issues impacting the unsecured claimholders in the voluntary case. As the Ruling mentions, if the UCC were correct, there would be no trial under section 303. That is why the UCC wasted no time in bringing its Motion to Compel.

### Notice

13. The UCC has provided notice of this Motion to: (a) the Debtors and their attorneys; (b) attorneys for the Second Priority Noteholder Committee; (c) the administrative agent for the Debtors' prepetition credit facility; (d) the indenture trustees for each of the Debtors' secured and unsecured notes; (e) attorneys for certain holders of claims against the Debtors regarding each of the foregoing referenced in clauses (c) and (d); (f) the state attorneys general for states in which the Debtors conduct business; (g) the Office of the United States Attorney for the Northern District of Illinois; (h) the Internal Revenue Service; (i) the Securities and Exchange Commission; (j) the gaming commissions for each of the states in which the Debtors operate or manage a casino; (k) attorneys for CEC; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the UCC submits that no further notice is required.

14. No previous request for the relief sought herein has been made to this or any other court.

---

[7] Mar. 25, 2015 Hr'g Tr. 120:10–17.

WHEREFORE the UCC respectfully requests the Court issue an order, substantially in the form submitted herewith, (i) granting the Motion and vacating the Order, (ii) setting a briefing schedule on the Motion to Compel, and (iii) granting the UCC such other and further relief as is just.

| | |
|---|---|
| Dated: May 8, 2015<br>Chicago, Illinois | By: /s/ Paul V. Possinger<br>One of its attorneys |

<div style="margin-left: 50%;">

Martin J. Bienenstock (*admitted pro hac vice*)
Judy G.Z. Liu (*admitted pro hac vice*)
Philip M. Abelson (*admitted pro hac vice*)
Vincent Indelicato (*admitted pro hac vice*)
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

-and-

Jeff J. Marwil (IL #6194054)
Mark K. Thomas (IL #6181453)
Paul V. Possinger (IL #6216704)
Brandon W. Levitan (IL #6303819)
PROSKAUER ROSE LLP
70 W. Madison St.
Chicago, Illinois 60602-4342
Tel: (312) 962-3550
Fax: (312) 962-3551

*Attorneys for the Statutory Unsecured Claimholders' Committee of Caesars Entertainment Operating Company, Inc., et al.*

</div>